**UNITED STATES of America,
Plaintiff,**

v.

**Gregory Jerome CREE, Defendant.**

**No. C4–04–92.**

United States District Court,
D. North Dakota,
Northwestern Division.

April 1, 2005.

James G. Wolff, Mohall, ND, for Defendant.

David D. Hagler, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

## ORDER ON EVIDENTIARY ISSUES

HOVLAND, Chief Judge.

The defendant, Gregory Jerome Cree, was charged in an Indictment with the crime of aggravated sexual abuse of a child. The case is scheduled for a jury trial to commence on Thursday, April 7, 2005, in Minot, North Dakota. On March 21, 2005, the Government submitted a trial brief and raised several evidentiary issues to be addressed prior to trial. The Defendant filed a responsive brief on March 31, 2005. The evidentiary issues concern (1) the admission of evidence of the Defendant's prior conviction for child molestation in the State of Washington in October 1991; (2) the admission of a videotape of a forensic interview of the alleged victim conducted by Paula Condol of the Children's Advocacy Center; and (3) the admission of testimony by Dr. Richard Larson as to statements made by the victim to Dr. Larson during a medical examination.

## I. DEFENDANT'S PRIOR CONVICTION

The record reveals that in October 1991, Cree was convicted of child molestation in the first degree in the State of Washington, for having engaged in sexual contact with a nine-year old female child by touching the child's "bottom between her legs" and by "putting his penis between her legs." The Government notified the Defendant of its intent to introduce evidence of this prior conviction pursuant to Rule 414 of the Federal Rules of Evidence.

■■■ Rule 414(a) of the Federal Rules of Evidence reads as follows:

> Rule 414. Evidence of Similar Crimes in Child Molestation Cases (a)In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

It is well-established that a court considering the admissibility of Rule 414 evidence must first determine whether the evidence has probative value, recognizing the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible. *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir.2001). A prior conviction is probative if it has similarities to the charged offense concerning the age of the victims, the relationship between the victims and the defendant, and the sexual

nature of the offense. See *United States v. Mound,* 149 F.3d 799, 802 (8th Cir.1998); *United States v. Withorn,* 204 F.3d 790, 794 (8th Cir.2000). Rule 414 evidence is considered to be probative of the defendant's sexual interest in children.

In the present case, the charged offense and the prior conviction in Washington are similar. Both incidents involve a young female victim of similar age. Cree apparently knew both victims and had access and an opportunity due to familial relationships. The incidents allegedly occurred within the home and both involved the touching of the victims' genital areas.

A trial court must also balance the probative value of admitting such evidence against the risk of unfair prejudice in accordance with Rule 403 of the Federal Rules of Evidence. However, only when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice should such evidence be excluded. The Court has carefully considered and reviewed the applicable case law in the Eighth Circuit, as well as Rules 403 and 414 of the Federal Rules of Evidence, and concludes that evidence of Cree's prior felony conviction for child molestation in the State of Washington is not substantially inflammatory nor is it unfairly prejudicial under the circumstances. As a result, evidence of the prior conviction for child molestation is admissible pursuant to Rule 414(a).

In response, counsel for Cree acknowledges that "it does appear that prior instances of child molestation are admissible in prosecutions such as this one." See Defendant's Response to Government's Trial Brief, p. 1. Further, the response notes that "a certified copy of the judgment entered against Mr. Cree in the Washington case is likely admissible in evidence." *Id.* p. 2. However, Cree contends that the contents of the Information

and the Certification for Determination of Probable Cause, which were submitted by the Government as exhibits to the trial brief, would violate the rule against hearsay and the Confrontation Clause of the Sixth Amendment.

The Court concludes that a certified copy of the judgment of conviction for child molestation in the State of Washington, which was entered against Cree in October 1991, shall be admissible at trial. It is clear that Cree's prior conviction for an offense of child molestation is admissible pursuant to Rule 414(a) of the Federal Rules of Evidence. See Fed.R.Evid. 803(22) and 902(4). However, the documents entitled "Information" and the "Certification for Determination of Probable Cause" will not be allowed into evidence.

## II. FORENSIC INTERVIEW

During the course of the investigation into the allegations set forth in the Indictment, the alleged victim in this case was interviewed by Paula Condol, a licensed professional clinical counselor employed by the Children's Advocacy Center in Bismarck, North Dakota. Condol is a trained forensic interviewer of children who are alleged to be victims of sexual abuse. The Government contends the interview was conducted in accordance with the protocol established by the Children's Advocacy Center for interviewing children, and the interview was videotaped. During that interview, the alleged victim apparently disclosed sexual abuse on the part of the Defendant. The Government has indicated that it may call Condol to testify about the content of that interview, including the specifics of the sexual abuse disclosed by the child, and/or to play the videotape of the interview.

In *United States v. Thunder Horse,* 370 F.3d 745 (8th Cir.2004), the Eighth

Circuit Court of Appeals held that a child victim's statements to an interviewer associated with a Children's Advocacy Center may be admissible pursuant to Rule 807 of the Federal Rules of Evidence (the residual hearsay exception). This rule permits the introduction of hearsay statements which the court finds have circumstantial guaranties of trustworthiness. The Eighth Circuit said that a trial court must assess the trustworthiness and reliability of the statement in light of the circumstances at the time of the declaration and the credibility of the declarant. The factors the trial court should use to determine whether the statement was sufficiently trustworthy include (1) the training and experience of the interviewer; (2) whether the child was interviewed using open-ended questions; (3) the age of the child and whether the child used age-appropriate language in discussing the abuse; (4) the time between the incident and the making of the hearsay statement; and (5) whether the child repeated the same facts consistently to adults. The Eighth Circuit said that no single factor is dispositive of this evaluation. 370 F.3d 745, 748.

The Government, in its trial brief, noted that it anticipates the evidence will reveal that the alleged incident of sexual abuse occurred on July 16, 2004. The disclosure to Condol occurred approximately three months after the event. The Government indicates that Condol will be available to testify as to her training and experience in conducting forensic interviews with child abuse victims, and she will establish the protocol developed by the Children's Advocacy Center for avoiding subjectivity, contamination, or investigative influence during the course of a forensic interview. The Government further states that the alleged victim disclosed the sexual abuse to her adult sister, a neighbor, and a physician on the day it occurred, and the victim's version of the events is consistent with the events as disclosed to Condol.

The Government also contends that the admission of such testimony would not be affected by the United States Supreme Court decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), wherein the Supreme Court held that the Confrontation Clause bars the admission of out-of-court testimonial statements unless the declarants are unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court. The Government informed the Court that it anticipates that the alleged victim in this case will testify at trial and will be subject to cross-examination.

In response, counsel for Cree argues that if the victim is present at trial and available for cross-examination, the situation would satisfy *Crawford v. Washington.* However, Cree contends that the alleged victim's trial testimony would be the most probative evidence available as to the alleged abuse and that hearsay statements made during the course of the forensic interview should be excluded at trial. Cree argues that if the victim refuses or is unable to testify at trial, or claims a lack of memory, the forensic interview may become the most probative evidence available but admitting such evidence would violate the rules set out in *Crawford v. Washington.*

The Court will defer ruling on this issue as it would be premature to rule on the evidence at this stage. It is clear from current case law that if the alleged victim testifies at trial and is subject to cross-examination, the Confrontation Clause is satisfied and Crawford is inapplicable. *United States v. Wipf,* 397 F.3d 677, 682 (8th Cir.2005). However, it is also clear in this circuit that if the child victim does not testify fully at trial, the admission of the victim's hearsay statement to a counselor

and/or psychologist violates the Sixth Amendment Confrontation Clause. *United States v. Sumner,* 204 F.3d 1182, 1185 (8th Cir.2000).

### III. STATEMENTS MADE FOR PURPOSES OF MEDICAL DIAGNOSIS OR TREATMENT

Finally, the record reveals that shortly after the alleged incident of child molestation occurred, the child victim was taken to a hospital in Belcourt and examined by Dr. Richard Larson. Dr. Larson examined the victim's anal and pubic areas, and his results indicated that the exam was essentially "normal." Prior to the examination Dr. Larson spoke with the victim about what had occurred. According to Dr. Larson's notes, the victim said that the person who did this to her "picked her up, turned her upside down and stuck or placed a finger in between her buttocks and touched her rectum." The Government argues that Rule 803(4) of the Federal Rules of Evidence is an exception to the hearsay rule which allows for the admission of statements made relating to medical diagnosis or treatment.

Rule 803(4) of the Federal Rules of Evidence provides as follows:

> (4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

This rule, which allows for the admission of statements made for the purposes of medical diagnosis or treatment, "is widely accepted as a firmly rooted hearsay exception." *United States v. Sumner,* 204 F.3d 1182, 1185 (8th Cir.2000). This exception to the hearsay rule is premised on the theory that a patient's statements to a physician are likely to be reliable because the patient has a selfish motive to be truthful, and the effectiveness of medical treatment depends upon the accuracy of the information provided.

The Eighth Circuit has developed a two-part test to determine whether such statements are admissible. First, the declarant's motive in making the statement must be consistent with the purpose of promoting treatment and, second, the content of the statement must be such as is reasonably relied on by a doctor in treatment or diagnosis. *United States v. Sumner,* 204 F.3d 1182, 1185 (8th Cir.2000); *United States v. Longie,* 984 F.2d 955, 959 (8th Cir.1993).

The Government contends that the victim was eight-years old at the time of the abuse. She was taken to the hospital by her father and stepmother. The Government anticipates that the victim will be able to establish that she knew what a doctor was, that she was being examined by the doctor to see if there was anything wrong with her, and that the doctor needed to know what happened in order to determine whether there was anything wrong with her. The Government also anticipates that Dr. Larson will testify that the information he inquired about was important for him to know for purposes of his examination. As such, the Government contends that the victim's statements should be admissible pursuant to Rule 803(4).

In response, Cree contends that if the victim is unavailable at trial, the statements made to Dr. Larson would violate the Confrontation Clause. Cree essentially argues that if the victim is available at trial and subject to cross-examination, statements made for purposes of medical diagnosis and treatment are likely admissible. However, there remains an important limitation on the use of Rule 803(4) state-

ments in a criminal trial. Specifically, although Cree acknowledges that statements made to a physician concerning the course of events are generally admitted as having been made for purposes of medical treatment, any statement as to the identity of the alleged abuser falls outside the exception and should be excluded at trial. See *United States v. Gabe* 237 F.3d 954, 957–958 (8th Cir.2001) (statement identifying person who caused injury is seldom, if ever, admissible under Rule 803(4)). See Defendant's Response to Government's Trial Brief, p. 7.

The Court will also defer ruling on this evidentiary issue at this stage. However, the Court would note that statements made by the alleged victim to Dr. Richard Larson are the type of statements that are generally admitted at trial if it is established that the declarant had a motive to provide truthful information to the physician, that the statement was related to medical diagnosis or treatment, and that the statements were reasonably relied upon by the physician in any treatment rendered or diagnosis made. It is the Court's preliminary view that statements made by the alleged victim to Dr. Richard Larson concerning what, when, and how the abusive conduct occurred will be admitted, but statements which relate to the identity of the abuser will be excluded unless an appropriate showing is made that the identity of the abuser is information reasonably relied upon by the physician and would be pertinent to diagnosis or treatment. See *United States v. Gabe*, 237 F.3d 954, 958 (8th Cir.2001) (in general, a patient's statement describing how an injury occurred is pertinent to a physician's diagnosis and treatment, but a statement identifying the person who caused the injury would seldom, if ever, be sufficiently related).

The law on this issue is constantly evolving. In *United States v. Longie*, 984 F.2d 955, 959 (8th Cir.1993), the Eighth Circuit expressly held that statements of a victim made to a physician concerning the identity of the abuser are important and admissible because it affects the physician's treatment and recommendation for counseling. However, the circuit has revised its position since 1993. It is now clear that admissibility of statements identifying the abuser is a delicate matter which must be determined in light of the facts in each particular case.

For example, in *United States v. Gabe*, 237 F.3d 954 (8th Cir.2001), the Eighth Circuit recognized that in cases of sexual abuse, the identity of the abuser may be relevant to treating the victim's emotional and psychological injuries. *Id.* at 958. The admission of hearsay statements identifying the abuser to a physician have been upheld where the physician makes it clear to the victim that the inquiry into the identity of the abuser is important to diagnosis and treatment, and the victim manifests such an understanding of this. *United States v. Renville*, 779 F.2d 430, 438 (8th Cir.1985). On the other hand, in *Olesen v. Class*, 164 F.3d 1096 (8th Cir.1999), the Eighth Circuit held that a statement identifying the sexual abuser made by a five-year old to a pediatrician was inadmissible where the physician had simply told the child "what was going to happen" during the physical examination. In Olesen, the pediatrician had not discussed why the questions he asked were important to the diagnosis and treatment and why it was important for the child to tell the truth regarding the identity of the abuser. As a result, in Olesen the statements concerning the identity of the sexual abuser were found to be inadmissible under Rule 803(4). And, in *United States v. Sumner*, 204 F.3d 1182 (8th Cir.2000), the Eighth Circuit held that the child victim's statements to a physician concerning the identity of the abuser were inadmissible because

the physician did not discuss with the victim "the need for truthful revelations, or emphasize that the identification of her abuser was important" in the physician's efforts to address the victim's emotional trauma from the sexual abuse. 204 F.3d 1182, 1185.

With respect to statements made by a child victim to a physician relating to the identity of the abuser, the Court will be governed by the following pronouncement in *United States v. Beaulieu,* 194 F.3d 918, 921 (8th Cir.1999).

> We have held "a declarant's statements relating the identity of the individual allegedly responsible for [her] injuries or condition 'would seldom, if ever,' be reasonably pertinent to treatment or diagnosis." *United States v. Renville,* 779 F.2d 430, 436 (8th Cir.1985) (quoting *United States v. Iron Shell,* 633 F.2d 77, 84 (8th Cir.1980)). Statements of identity are rarely made to promote effective treatment, and doctors rarely have any reason to rely on statements of identity in treating or diagnosing a patient. See *id.* When the abuser is a member of the victim's immediate household, however, a statement of identity may be reasonably pertinent to treatment or diagnosis because the doctor has an obligation to insure the child is removed from the abusive environment. See *id.* at 436–38. Statements by a child abuse victim to a physician identifying the abuser are admissible only when the prosecution shows the victim's motive in making the statement was consistent with the purpose of promoting treatment—" 'where the physician makes clear to the victim that the inquiry into the identity of the abuser is important to diagnosis and treatment, and the victim manifests such an understanding.' " *Olesen v. Class,* 164 F.3d 1096, 1098 (8th Cir.1999) (quoting *Renville,* 779 F.2d at 436).

In this case, it is clear that statements made by the alleged victim to Dr. Larson which specifically relate to the identity of the abuser will be subject to a rigid test before any such statements will be admitted into evidence at trial. The parties are directed to avoid any discussion on the unresolved evidentiary issues in the presence of the jury, and avoid the elicitation of testimony from witnesses on these issues until the matter has been addressed and resolved outside the presence of the jury.

IT IS SO ORDERED.