# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1294

_____

United States of America

*Plaintiff - Appellee*

v.

Michael M. Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 17, 2017
Filed: December 21, 2017

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Michael M. Thomas appeals his convictions for domestic assault by an habitual offender and assaulting an intimate partner by suffocation or attempted suffocation, in violation of 18 U.S.C. §§ 113(a)(8), 117, and 1153. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

At trial, Thomas's girlfriend, Morgyn Redhorn, testified that he pushed her onto a couch, plugged her nose, covered her mouth, and threatened to "put me out." Redhorn said she struggled to breathe, was afraid she might lose consciousness, and feared for her life. A neighbor testified she heard screams "like someone was in trouble." Police, responding to the scene, testified Redhorn had a swollen lip, red face, and was visibly upset. At the close of evidence, the district court[1] denied Thomas's motion for judgment of acquittal. The jury convicted on both counts.

At sentencing, the district court shared a conversation it had with the jury immediately after the verdict:

> As the lawyers know, every time there's a jury trial, I go back and I meet with the jury to thank them, and I never of course inquire about anything concerning deliberations. I invite them to ask me questions about the general court operation, if they have questions.
>
> But as soon as I went back to meet with this jury, they did say we want you to know we did not think that the defendant intended to hurt this victim. We believe his actions were negligent. Now, of course, under the instruction the term negligence isn't used, the term recklessness is used, and so it can be inferred with some certainty that the jury concluded the defendant's actions were reckless.
>
> I'll also note that while the defendant's actions were completely inexcusable and the evidence demonstrated that he did cover the victim's mouth and nose and impeded her breathing and did that repeatedly, it appeared from the evidence that the defendant was not attempting to cut the victim off from all oxygen but was attempting to stop her from screaming, and that's not an excuse for his conduct.
>
> His conduct violated the statute, and he was guilty of the crime.

---

[1] The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

The district court sentenced him to 37 months' imprisonment on each count, to be served concurrently.

Thomas appeals, arguing the jury's statement shows there is insufficient evidence to support the verdict, and the jury did not follow the court's instructions.

I.

Thomas believes the evidence was insufficient to convict for assaulting an intimate partner by suffocation or attempted suffocation. This court reviews de novo the sufficiency of the evidence, viewing it most favorably to the verdict and accepting all reasonable inferences supporting it. *See United States v. Bell*, 761 F.3d 900, 906 (8th Cir. 2014). This court reverses "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006).

18 U.S.C. § 113(a)(8) criminalizes assaulting "a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate." "Suffocating" is defined as:

> intentionally, knowingly, or recklessly impeding the normal breathing of a person by covering the mouth of the person, the nose of the person, or both, regardless of whether that conduct results in any visible injury or whether there is any intent to kill or protractedly injure the victim.

18 U.S.C. § 113(b)(5). Redhorn's testimony establishes the elements of the crime. *See Bell*, 761 F.3d at 906-07 (holding "a victim's testimony alone can be sufficient to prove" the crime); *United States v. L.B.G.*, 131 F.3d 1276, 1278 (8th Cir. 1997) ("It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction.").

Thomas argues Redhorn's testimony is not credible because it is not supported by photos and is undermined by Facebook posts showing she wanted to "get back at Thomas." This argument is without merit. Redhorn's testimony was corroborated by a neighbor and police officers. Regardless, the jury found Redhorn credible, and "[t]his court does not 'judge credibility of witnesses.'" *United States v. Tillman*, 765 F.3d 831, 834 (8th Cir. 2014), *quoting United States v. Conway*, 754 F.3d 580, 587 (8th Cir. 2014).

Thomas also argues the jury's statement shows it "fail[ed] to find the requisite intent." Consistent with 18 U.S.C. § 113(b)(5), the court instructed the jury that "suffocating" is defined as "intentionally, knowingly, or recklessly impeding the normal breathing of a person." It also instructed the jury there was no requirement that Thomas "intended to kill the victim or cause her to suffer prolonged injury." Redhorn's testimony supports a finding of recklessness, at least. The jury's statement that it believed Thomas was negligent does not undermine this finding.

The evidence sufficiently supports the verdict.

II.

Thomas believes the jury's statement shows it failed to follow the court's instructions, invalidating the verdict. This court reviews decisions "regarding juror misconduct for an abuse of discretion." *United States v. Lashley*, 251 F.3d 706, 711 (8th Cir. 2001). "A jury is presumed to follow its instructions." *United States v. Myers*, 503 F.3d 676, 683 (8th Cir. 2007), *quoting Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

Relying on *Doe By & Through G.S. v. Johnson*, 52 F.3d 1448, 1458 (7th Cir. 1995), Thomas argues the jury's comment is evidence of the "overwhelming probability" the jury did not follow the instructions. After trial, the jury said it "did

not think that the defendant intended to hurt this victim" but rather that his "actions were negligent." The jury's use of the word "negligent" in this context is not sufficient to rebut the presumption the jury "follow[ed] its instructions." *Myers*, 503 F.3d at 683. If anything, the statement shows the jury followed the instruction that Thomas need not have "intended to kill the victim or cause her to suffer prolonged injury."

Regardless, "Rule 606(b) generally prohibits a juror from impeaching his or her verdict with the exception that a juror may testify to extraneous information or improper influence in the jury room." *United States v. Vig*, 167 F.3d 443, 450 (8th Cir. 1999). Here, there are no allegations the jury considered extraneous information or was influenced improperly. The district court acted within its "broad discretion" in finding the jury followed its instructions. *Id.*

\* \* \* \* \* \* \*

The judgment is affirmed.

_____