# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1224

———————————————

United States of America

*Plaintiff - Appellee*

v.

Omar A. Martinez

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa – Council Bluffs

——————————

Submitted: January 15, 2021
Filed: April 28, 2021
[Unpublished]

——————————

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Omar Martinez, who was convicted of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, raises just a single issue on appeal: the admissibility of evidence that his significant other, Sandy, sold methamphetamine out of their home. We affirm.

At Martinez's trial, in addition to evidence tying him directly to a methamphetamine-distribution conspiracy in Iowa, the government called two witnesses who connected Sandy to drug dealing. "[E]very few weeks," one of the witnesses would buy drugs from Sandy and the other would sometimes drive her there. Martinez repeatedly objected to their testimony on relevance and prejudice grounds, first in a pretrial motion in limine, again before each witness testified, and finally in a motion for a new trial. Each time, the district court[1] ruled against him.

It is unnecessary to decide whether the district court abused its discretion in admitting the testimony because, even assuming that it did, any error was harmless. *See United States v. Lupino*, 301 F.3d 642, 647 (8th Cir. 2002) (explaining that a non-constitutional evidentiary error is harmless if it had "no, or only [a] slight, influence on the verdict" (quotation marks omitted)). To assess harmlessness, we can examine, among other factors, "the strength of the government's case" and any "safeguards implemented to minimize the prejudicial effect of the" testimony. *United States v. Hawkins*, 796 F.3d 843, 865 (8th Cir. 2015).

Martinez's argument is that the testimony did nothing more than invite the jury to improperly find him guilty by association. If his significant other sold drugs out of their home, the argument goes, then the jury must have simply assumed that he did too. We disagree for at least two reasons.

First, the other evidence of *Martinez's* guilt was strong. *See id.* at 866. The jury heard about the bagged methamphetamine found on him when he was arrested; incriminating text messages that he sent to a co-conspirator; and the methamphetamine and digital scale discovered at his home. Moreover, a co-conspirator testified that he sold large quantities of methamphetamine to Martinez on several occasions.

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

Second, "any potential prejudice" was "alleviate[d]" by the instructions, *United States v. Oakie*, --- F.3d ---, 2021 WL 1342920, at *2 (8th Cir. 2021) (per curiam) (quotation marks omitted), which said that the jury could only "consider . . . evidence of [Martinez]'s own actions and statements" and that it could not convict him for "merely associating with others." In light of these instructions, which we presume the jury followed, *see United States v. Thomas*, 877 F.3d 1077, 1079–80 (8th Cir. 2017), and the overwhelming evidence of guilt, we are satisfied that the testimony about Sandy's drug sales had, at most, only a "slight[] influence on the verdict," *Lupino*, 301 F.3d at 647 (quotation marks omitted).

We accordingly affirm the judgment of the district court.

_____