# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3262

———————————————

United States of America

*Plaintiff - Appellee*

v.

Adam Jason Poitra

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Eastern

——————————

Submitted: October 20, 2022
Filed: February 21, 2023

——————————

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

——————————

BENTON, Circuit Judge.

A jury convicted Adam Jason Poitra of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(c) and 1153. The district court sentenced him to 440 months in prison. Poitra appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Adam Poitra lived with his wife Samantha Poitra and her daughter K.P., whom he adopted, from 2010 to 2018. In 2018, Samantha moved out. Later that year, K.P. disclosed to a friend, T.H., that Poitra sexually abused her. She did not share any specific details. T.H. convinced K.P. to tell her mother. K.P. texted her mother, who took her to the sheriff's department. Shannon Hilfer, a forensic interviewer with Northern Plains Children's Advocacy Center, interviewed her.

At trial, K.P. testified that Poitra sexually abused her when she was 11- and 12-years-old. She said that he would tell her that he was in pain and his penis was bleeding because Samantha was not touching him. Samantha testified that he used the same tactic with her, sending her text messages asking her to have sex with him "for the pain." Samantha testified that she never discussed these messages with her daughter. T.H. testified about K.P. disclosing the abuse to him. Hilfer testified that abusers often work up to sexual abuse by breaking down a child's boundaries and isolating them from others. Poitra testified he never sexually abused K.P. After a three-day trial, the jury convicted him. He appeals the conviction.

I.

Poitra claims the district court erred "by failing to instruct the jury that it had to agree on the specific act of sexual abuse in order to convict." Poitra did not request a specific unanimity instruction and did not object to the instructions given. This court reviews for plain error. *United States v. Keepseagle*, 30 F.4th 802, 810 (8th Cir. 2022). Under plain error review, Poitra must show an error, that was plain, that prejudiced him, and that seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *Id*.

"This court has repeatedly held that a general unanimity instruction is usually sufficient to protect a defendant's sixth amendment right to a unanimous verdict." *United States v. James*, 172 F.3d 588, 593 (8th Cir. 1999). Only where there is a "genuine risk of jury confusion," might a specific unanimity instruction be required. *Id*.

Here, the district court gave a general unanimity instruction, stating multiple times that the verdict "must be unanimous." Relying on *United States v. Keepseagle* and *United States v. Two Elk*, Poitra argues that the term "sexual act" as defined in 18 U.S.C. § 2246(2) includes four distinct types of sexual acts, and thus a specific instruction was required. **Keepseagle**, 30 F.4th at 813; **United States v. Two Elk**, 536 F.3d 890, 898-99 (8th Cir. 2008) (holding that aggravated sexual abuse under 18 U.S.C. § 2241(c) is a separate-act offense). *See* **United States v. Karam**, 37 F.3d 1280, 1286 (8th Cir. 1994) (discussing unanimity in a drug distribution case). But *Keepseagle* addressed a South Dakota statute, not 18 U.S.C. § 2241(c). And *Two Elk* addressed 18 U.S.C. § 2241(c) in the context of double jeopardy, not jury instructions.

Poitra cites no authority that failure to give a specific unanimity instruction under 18 U.S.C. § 2241(c) is error. To the contrary, this court has held that jurors need not agree on a specific sexual act to reach a unanimous verdict. *See* **United States v. DeMarce**, 564 F.3d 989, 1000 (8th Cir. 2009) (upholding district court's general instructions on attempted aggravated sexual abuse despite defendant requesting a specific instruction). *See generally* **Richardson v. United States**, 526 U.S. 813, 817 (1999) ("[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime."). Absent authority directly supporting his position, there was no plain error.

II.

Poitra contends the district court erred in admitting hearsay statements from Samantha and T.H. about K.P.'s reports of abuse. This court reviews for abuse of discretion and will reverse only if an improper ruling affected Poitra's substantial rights or influenced the verdict. *See* **United States v. Wright**, 540 F.3d 833, 843 (8th Cir. 2008). Poitra thinks that under Federal Rule of Evidence 801, these statements were inadmissible as prior consistent statements to rebut a charge of fabrication. *See* **United States v. Bercier**, 506 F.3d 625, 629 (8th Cir. 2007); **United States v.**

***Kenyon***, 397 F.3d 1071, 1080-81 (8th Cir. 2005); ***United States v. Beaulieu***, 194 F.3d 918, 919-20 (8th Cir. 1999).

The testimony by Samantha and T.H. was limited in scope to K.P.'s disclosure of the abuse, not the specifics of it. But even if the statements were inadmissible hearsay, their admission would be harmless given the other evidence against Poitra. K.P. herself testified to the abuse, including the details. *See **United States v. Robertson***, 606 F.3d 943, 957 (8th Cir. 2010) (holding that inadmissible hearsay statements were not prejudicial because the government had "ample evidence" of guilt). *See also **Kenyon***, 397 F.3d at 1076 (holding that a "victim's testimony alone can be sufficient to support a guilty verdict"). Because the evidence of guilt is strong, this court believes the alleged error did not influence the verdict. *See **United States v. Marrowbone***, 211 F.3d 452, 455 (8th Cir. 2000) (an evidentiary error "does not effect a substantial right and is harmless" if it "did not influence or had only a slight influence on the verdict").

## III.

Poitra believes the district court erred in admitting the testimony of forensic interviewer Hilfer to "vouch for the credibility of the alleged victim." This court reviews evidentiary rulings for abuse of discretion. ***Wright***, 540 F.3d at 843. The government argues review should be for plain error because Poitra did not object on this basis at trial. This court need not decide the issue because Poitra's claim fails under either standard.

Hilfer did not testify to anything specifically about Poitra's case or K.P.'s abuse. Rather, she provided general testimony about forensic interviewing. She testified that the family is not allowed to watch the forensic interview and that children often delay disclosure of sexual abuse. This testimony is admissible to help the jury understand the process of investigation and typical behaviors of sexual assault victims. *See **United States v. Zephier***, 989 F.3d 629, 635 (8th Cir. 2021) (discussing 30 years of precedent allowing witnesses to talk about "characteristics

-4-

of sexually abused children in general"); *United States v. Smith*, 591 F.3d 974, 983 (8th Cir. 2010) (holding that a forensic interviewer could "give her lay opinion based on her personal knowledge and perception" of a minor and describe "her experience observing other sexually abused children").

## IV.

Poitra maintains he was deprived of his Fifth Amendment right to a fair trial because the government's closing argument "distorted its burden of proof and unfairly mischaracterized Poitra's theory of the case." Poitra did not object. The parties agree that review is for plain error. This court must first determine if the closing was improper. *See United States v. Miller*, 621 F.3d 723, 729-30 (8th Cir. 2010). Reversal is then appropriate if the improper comments deprived Poitra of "a fair trial." *Id*. at 730. In making this determination, the court considers "the cumulative effect of the improprieties, the strength of the evidence against the defendant, and whether the district court took any curative action." *United States v. Darden*, 688 F.3d 382, 388 (8th Cir. 2012).

It is a close call whether the closing argument here was improper. Poitra argues the government distorted the defense's theory of the case, impermissibly shifted the burden of proof, and intimated the burden was by a preponderance of the evidence. It said, in part:

> [T]o believe the defendant's version of facts you can't just state that there's a nasty divorce and a motivation to lie. Nasty divorce does not equal making up very serious accusations. That might be enough for a cheesy drama. Just think of all the pieces that have to align to believe what the defendant is selling.

He also argues the government called the defense's theory a "conspiracy theory" and improperly suggested the jury had to find that Samantha fabricated her story to find Poitra's theory more credible than the government's theory. *See Miller*, 621 F.3d at 729-33 (finding, in a case where the evidence "may be sufficient" but is "not

-5-

overwhelming," a closing statement improper where the government said that to "acquit the defendant, you have to think that Officer Smith made a huge mistake, and you have to wonder what his motivation was for making that mistake"); ***Darden***, 688 F.3d at 388-90 (finding the government's comment in closing argument—that to acquit, the jury would have to believe all the officers got together in a conspiracy to lie—was improper, but declining to reverse because review was for plain error). Here, no individual statement may have been as clearly improper as in *Miller* or *Darden*. But the overall theme of the government's closing may have had the same effect of improperly distorting Poitra's case and shifting the burden. On the other hand, the government explicitly stated its "reasonable doubt" burden five times in its closing.[1]  *See **United States v. Boesen***, 541 F.3d 838, 846 (8th Cir. 2008) (declining to reverse despite a questionable comment during closing in part because the prosecutor "repeatedly and accurately informed the jury of the government's burden of proof"). This is a close case.

Even if the closing were improper, under plain error review, this court will "reverse only under exceptional circumstances," which requires that Poitra show "a reasonable probability that the outcome would have been different absent the alleged error." ***Darden***, 688 F.3d at 388-89. This is not an exceptional circumstance. Like in *Darden*, the strength of the evidence supporting the conviction "indicates that the

---

[1]The government said: "But I will take this opportunity to go through some of the elements—go through the elements of what Mr. Poitra's charged with, how some of the evidence fits with those charges and to briefly discuss why the evidence you've heard and seen proves beyond a reasonable doubt that Mr. Poitra is guilty of aggravated sexual abuse."; "Our burden is to prove beyond a reasonable doubt that at least one occurrence happened before [K.P.'s] 12th birthday."; "As we discussed, the government has the burden of proving beyond a reasonable doubt the defendant committed at least one sexual act."; "As I said in my opening, I would have a chance to come back before you and argue that the United States has proven its case beyond a reasonable doubt."; "Ladies and gentlemen of the jury, I do ask you to look critically and analytically at everything in this trial and then if you conclude—and I believe the evidence does show this crime is proved beyond a reasonable doubt, that the defendant's story is unbelievable."

result at trial would not have been different absent the prosecutor's rebuttal comments." *Id*. at 390.

The evidence of Poitra's guilt was strong. *See United States v. Barrera*, 628 F.3d 1004, 1008 (8th Cir. 2011) ("If the evidence of guilt is overwhelming, an improper argument is less likely to affect the jury verdict."). At trial, K.P.—almost 16-years-old—testified in detail about the abuse. *See United States v. Gabe*, 237 F.3d 954, 961 (8th Cir. 2001) (holding that "a victim's testimony alone is sufficient to persuade a reasonable jury of the defendant's guilt beyond a reasonable doubt"). Poitra also testified, denying the abuse. The jury's verdict shows it judged the credibility of both K.P. and Poitra, and believed K.P. *See United States v. Colombe*, 964 F.3d 755, 758-59 (8th Cir. 2020) ("Assessing the credibility of the witnesses is the province of the jury."). And her testimony was not the only evidence supporting the conviction. It was corroborated by text messages between Poitra and Samantha. These messages showed he used the same tactics in coercing Samantha to have sex as he did in coercing K.P.

This court also considers any instructions the court gave about the closing statements. The court did not give a curative instruction here because Poitra did not object to the statements made in the government's closing. But it did instruct the jury that it must decide the case on the evidence, and that the attorneys' arguments are not evidence. Before closing arguments, the court told the jury it was their "duty as jurors to decide from the evidence" whether Poitra was guilty or not guilty. The court then defined evidence, telling the jury: "Statements, arguments, questions, and comments by lawyers are not evidence." "A jury is presumed to follow its instructions." *United States v. Thomas*, 877 F.3d 1077, 1079 (8th Cir. 2017). There is no indication it failed to do so here.

The evidence and the court's instructions show this is not the exceptional case where the conviction is overturned based solely on a prosecutor's statements during closing argument. *See United States v. Kenyon*, 481 F.3d 1054, 1066 (8th Cir. 2007) ("It is well established, however, that not every impropriety of argument calls for a

new trial or for a reversal of the judgment of conviction." (internal quotation marks omitted)).  There was no plain error.  *See **Darden***, 699 F.3d at 388-89 (declining to reverse based on an improper comment under plain error standard of review).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____